**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**


LONNIE LONG,

                        Petitioner,                    Case Number: 2:14-CV-12366

v.                                           HONORABLE PAUL D. BORMAN
                                             UNITED STATES DISTRICT JUDGE

DUNCAN MACLAREN,

                        Respondent.

                                                  /

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF**
**HABEAS CORPUS, DENYING THE REQUEST FOR A STAY,**
**AND DENYING CERTIFICATE OF APPEALABILITY**

**I. Introduction**

Petitioner Lonnie Long, through counsel, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Petitioner was convicted of assault with intent to commit murder, Mich. Comp. Laws § 750.89, assault with intent to commit great bodily harm less than murder, Mich. Comp. Laws § 750.84, discharge of a weapon in a building, Mich. Comp. Laws § 750.1234b, and felony firearm, Mich. Comp. Laws § 750.227b, following a jury trial in Wayne County Circuit Court.  He was sentenced to 30 to 62 years imprisonment for the assault with intent to murder conviction, 1 to 4 years imprisonment for the assault with intent to do great bodily harm less than murder conviction, 3 to 10 years for the discharge of a weapon in or at a building conviction, and 2 years imprisonment for the felony-firearm conviction.

In his habeas petition, Petitioner argues that his sentences are invalid based upon the Supreme Court's holding in *Alleyne v. United States*, — U.S. —, 133 S. Ct. 2151 (2013) (ruling that a fact that increases the mandatory minimum for a sentence is an "element" of the crime which must be submitted to the jury). Petitioner has not yet exhausted this claim in the state courts, but states that he will file a motion for relief from judgment in the state court. He seeks a stay to allow him to complete exhaustion of his state court remedies. The petition fails to state a claim upon which habeas relief may be granted. The Court, therefore, denies the petition and the request for a stay.

## II.  Discussion

### A.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court may summarily dismiss the petition. *Id.*; *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). Rule 4 permits *sua sponte* dismissal of a habeas petition that raises legally frivolous claims or contains factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the habeas petition is legally insufficient on its face. The petition and the request for

a stay will be denied.  The Court also denies a certificate of appealability.

## B.

Petitioner was convicted and sentenced in 2001.  The Michigan Court of Appeals affirmed his convictions and sentences, *People v. Long*, No. 234786, 2003 WL 178785 (Mich. Ct. App. Jan. 24, 2003).  Petitioner apparently did not seek leave to appeal in the Michigan Supreme Court.  Petitioner, through counsel, filed his federal habeas petition on June 17, 2014.  His single claim on habeas review is that his sentences were imposed in violation of his Fifth and Sixth Amendment rights as set forth in *Alleyne v. United States*, — U.S. —, 133 S. Ct. 2151 (2013).

In *Alleyne*, the Supreme Court, relying on its precedent in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *United States v. Booker*, 543 U.S. 220 (2005), held that if the existence of a particular fact would increase the applicable mandatory minimum federal sentence, that fact is an "element" of the crime that the jury must find beyond a reasonable doubt.  *Alleyne*, 133 S. Ct. at 2155 (Thomas, J. plurality opinion) (*overruling Harris v. United States*, 536 U.S. 545 (2002)).

Petitioner's claim for habeas relief is based on *Alleyne*.  The United States Court of Appeals for the Sixth Circuit has recently held that *Alleyne* is not retroactively applicable to cases on collateral review.  *In re Mazzio*, 756 F.3d 487, 489-90 (6th Cir. 2014).  The Sixth Circuit joined a majority of federal circuit courts in so ruling.  *See United States v. Reyes*, 755 F.3d 210 (3d Cir. 2014); *United States v. Harris*, 741 F.3d 1245, 1250 n. 3 (11th Cir. 2014); *United States v. Redd*, 735 F.3d 88, 91-92 (2d Cir. 2013) (per curiam);

*United States v. Stewart*, 540 F. App'x 171, 172 (4th Cir. 2013) (per curiam) (unpublished); *In re Payne*, 733 F.3d 1027, 1029 (10th Cir. 2013) (per curiam); *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013) (per curiam); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013).  This Court is bound by the Sixth Circuit's decision in *Mazzio*.  *Alleyne*, therefore, does not apply retroactively to Petitioner's case and the petition fails to state a claim upon which habeas relief may be granted.  The Court will dismiss the petition and deny the request for a stay.

### III.  Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.  Rule 11 of the Rules Governing Section 2254 Proceedings requires that a court "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition does not state a claim upon which habeas relief may be granted.  Therefore, the Court will deny a certificate of appealability.

## IV.  Conclusion

For the foregoing reasons, IT IS ORDERED that the petition for a writ of habeas

corpus is DENIED and DISMISSED WITH PREJUDICE, the request for a stay is

DENIED, and a certificate of appealablity is DENIED.


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  September 16, 2014

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each
attorney or party of record herein by electronic means or first class U.S. mail on
September 16, 2014.


s/Deborah Tofil
Case Manager